IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ENCHANT CHRISTMAS LIGHT MAZE & MARKET LTD., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.:<br>) JURY DEMAND<br>) |
| GLOWCO, LLC,<br>EXHIBAU US LLC,<br>PATRICK WALLAIN, and<br>CHRIS STACEY, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

---

Plaintiff Enchant Christmas Light Maze & Market Ltd. hereby files this memorandum of law in support of its Motion for Leave to Take Expedited Discovery pursuant to Fed. R. Civ. P. 30(a)(2)(A).

**I.    RELEVANT BACKGROUND AND HISTORY**

Plaintiff filed a complaint against the Defendants for (1) copyright infringement, (2) misappropriation of trade secrets pursuant to Tenn. Code Ann. § 47-25-1702 *et seq*., (3) misappropriation of trade secrets pursuant to 18 U.S.C. § 1831 *et seq*., and violation of Tenn. Code Ann. § 39-14-601 *et seq.*, which is the Tennessee Personal and Commercial Computer Act.

Defendant Wallain stole business secrets and documents from Plaintiff's Google Drive storage account ("Storage Account").  (See Johnston Decl. ¶ 13-15).  He then sent the stolen materials to China where Defendants had copies made of Plaintiff's Christmas sculptures in

direct violation of Plaintiff's copyrights. (See Vanadia Decl. ¶ 5-7; see also Liang Decl. ¶ 9-15). A shipping document has been obtained that shows goods were shipped from the Evermore company, where infringing sculptures were made, and imported to Defendants Exhibau, Glowco, and Wallain in the United States. (See Liang Decl. ¶ 13).

Plaintiff has moved for a temporary restraining order and preliminary injunction. Plaintiff seeks leave in order to take expedited discovery, which is necessary to resolve preliminary injunction matters, prevent further copyright infringement at Defendants' event scheduled to begin on November 22, 2019, for which it is believed that Defendants plan to use infringing goods, and determine the extent of Defendants' misappropriation of Plaintiff's trade secrets.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d) normally requires parties to first confer pursuant to Rule 26(f) before taking discovery, unless otherwise permitted by the rules, a stipulation, or a court order. Fed. R. Civ. P. 26(d). Rule 26(f) requires parties to confer "as soon as practicable" and in any event 21 days before a scheduling conference is held or scheduling order is due. Id. at 26(f).

Pursuant to Federal Rule of Civil Procedure 30, however, a party may request leave of court to take a deposition "before the time specified in Rule 26(d)." Id. at 30(a)(2)(A)(iii). Good cause for expedited discovery may be found "where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendants." Wilson v. Gordon, No. 3:14-1492, 2014 WL 12788888, at *3 (M.D. Tenn. Aug. 14, 2014). The Court "must grant" the leave to the extent it is consistent with Rule 26(b)(1) regarding the scope of discovery and Rule 26(b)(2) regarding the frequency and extent of discovery. Id. at 30(a)(2).

## III.     ARGUMENT

Good cause exists for expedited discovery in the present case.  "[C]ourts within the Sixth Circuit have endorsed the view" that expedited discovery is generally appropriate "in cases requesting preliminary injunctive relief," which is the situation in the present case.  Radio Sys. Corp. v. Sunbeam Products, Inc., No. 3:12-CV-648, 2013 WL 416295, at *2 (E.D. Tenn. Jan. 30, 2013).  The 1993 Advisory Committee note to Rule 26 even expressly lists a request for a preliminary injunction as a reason to allow early discovery: "[Early discovery] will be appropriate in some cases, such as those involving requests for a preliminary injunction." Fed. R. Civ. P. 26, 1993 Am. note, ¶ 5, subdivision (d).

Additionally, copyright infringement constitutes an independent bases for expedited discovery.  See Arista Records, LLC v. Does 1-9, 2008 Copr. L. Dec. P 29610, 2008 WL 2982265, at * 1 (S.D. Ohio July 29, 2008) (allowing expedited discovery in copyright infringement case); see also Vision Films Inc. v. Does 1-16, No. 3:12-CV-644, 2013 WL 1385206, at *2 (E.D. Tenn. Apr. 3, 2013) (Good cause for expedited discovery "is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time").

Furthermore, Plaintiff has already suffered irreparable harm by Defendants' theft and copyright infringement, and making sure that infringing goods are not used at Defendants' upcoming event beginning November 22 is of highest importance.  If Defendants are allowed to use Plaintiff's unique copyrighted works at their upcoming event in Nashville, it would further cause severe and irreparable harm, as Plaintiff has the exclusive right to display the copyrighted sculptures publicly and Plaintiff would lose the opportunity to be the first to introduce its unique works to the entire Nashville market.  See 17 U.S.C. § 106(5); see also Johnston Decl. ¶ 5, 16-

19). In short, one could not "unring this bell."

Similarly, every moment that Defendants retain and use Plaintiff's trade secrets or confidential business information causes additional harm to Plaintiff. Thus, the nature of the copyright infringement and trade secret claims in the case at bar constitute good cause for this expedited discovery request. Accordingly, there is good cause for Plaintiff's request for an expedited deposition of Defendant Wallain and Plaintiff's First Set of Requests for Production that is included as Exhibit B.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Leave to Take Expedited Discovery should be granted so that the irreparable harm may be limited, infringing works will not be used or displayed at Defendants' event scheduled from November 22 – December 31, 2019, and the preliminary injunction issues may be more fully resolved.

**DATED** this the 30th day of October, 2019.

Respectfully submitted,

/s/ Stephen J. Zralek
Stephen J. Zralek (BPR No. 18971)
Maria Q. Campbell (BPR No. 35515)
Shea T. Hasenauer (BPR No. 35515)
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6305 Telephone
(615) 687-2763 Facsimile
szralek@bonelaw.com
shasenauer@bonelaw.com

*Counsel for Plaintiff Enchant Christmas Light Maze & Market Ltd.*

**CERTIFICATE OF SERVICE**

I certify that we served a copy of this document on October 30, 2019 upon:

Glowco, LLC
c/o Daniel Kris Wiatr, its Registered Agent
1212 8th Ave. S.
Nashville, TN 37203-5060
*Via Hand Delivery*
*And Via Email to Chris Stacey, its CEO at his last known email address: ccs@rocktheocean.com*

Exhibau US LLC
c/o Patrick Wallain, its Registered Agent
202 Depot St.
Soddy Daisy, TN 37379-6405
*Via Overnight Mail*
*And Via Email to Patrick Wallain's last known email address: patrick@exhibau.com*

Chris Stacey
Glowco, LLC
1212 8th Ave. S.
Nashville, TN 37203-5060
*Via Hand Delivery*
*Via Email to his last known email address: ccs@rocktheocean.com*

Patrick Wallain
Glowco, LLC
1212 8th Ave. S.
Nashville, TN 37203-5060
*Via Hand Delivery*
*Via Email to his last known email address: patrick@exhibau.com*

/s/ Stephen J. Zralek