IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ENCHANT CHRISTMAS LIGHT MAZE & MARKET LTD, <br><br> Plaintiff, <br><br> v. <br><br> GLOWCO, LLC, <br> EXHIBAU US LLC, <br> PATRICK WALLAIN, and <br> CHRIS STACEY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: 3:19-cv-0966 <br> JURY DEMAND |

## BENCH BRIEF ON COPYRIGHT ISSUES

### I. Valid Copyright Protection

### A. Registration is Prima Facie Evidence of Validity & Originality

Federal copyright law states:

> (c) In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work *shall constitute prima facie evidence of the validity of the copyright* and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.
>
> 17 U.S.C. § 410 (emphasis added).

The Sixth Circuit has acknowledged that 17 U.S.C. § 410 mandates that a court find "prima facie evidence of the copyright's validity" when the material in question has been registered with the Copyright Office. Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 533-34 (6th Cir. 2004); Hi–Tech Video Prods., Inc. v. Capital Cities/ABC, Inc., 58 F.3d 1093, 1095 (6th Cir.1995). The first prong of a copyright infringement claim tests the

"originality" of the work and this is "presumptively established by the copyright registration." Lexmark, 387 F.3d at 534.

### B. Copyright Works Require Minimal Creativity (Not Uniqueness)

The Supreme Court of the United States held that for a work to be original, it only needs to satisfy the following requirements: (1) "the work was independently created by the author (as opposed to copied from other works)," and (2) "that it possesses at least some minimal degree of creativity." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991). The Court held that this does not mean that a work has to be "novel" or unique:

> To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be. *Originality does not signify novelty*; a work may be original *even though it closely resembles other works* so long as the similarity is fortuitous, not the result of copying. To illustrate, assume that two poets, each ignorant of the other, compose identical poems. Neither work is novel, yet both are original and, hence, copyrightable.

Id. at 345-46 (emphasis added) (internal quotations omitted).

Since Enchant's specific designs were (1) independently created, and (2) possess at least minimal creativity, they are entitled to copyright protection. Feist, 499 U.S. at 345.

### C. Deference to the copyright office is *Skidmore* Deference

The Sixth Circuit held that "the Copyright Office's determination that a design is protectable under the Copyright Act is entitled to *Skidmore* deference." Varsity Brands, Inc. v. Star Athletica, LLC, 799 F.3d 468, 479 (6th Cir. 2015). This deference depends on "the thoroughness evident in the agency's consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if

lacking the power to control." Id. at 480 (quoting U.S. v. Mead Corp., 533 U.S. 218, 228 (2001); Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944) (internal quotation marks omitted)).

In Varsity Brands, the Sixth Circuit found that the Copyright Office ("the Office") was owed greater deference than the trial court gave it, based on a Skidmore analysis. Id. The Court found that the Copyright Office did its due diligence in copyrighting the "arrangements of stripes, chevrons, and color-blocking" of cheerleading uniforms, because the Office (1) "unquestionably has experience identifying useful articles and pictorial, graphic, and sculptural works;" (2) the Office publishes its own internal manual instructing employees how to uniformly apply the Copyright Act; (3) the Office had "consistently" applied the Copyright Act to the uniform manufacturer's many designs, producing letters that "demonstrate[d] that the Copyright Office [] grounded its decisions to register Varsity's designs in the text of the statute using sound legal reasoning;" and (4) the Copyright Office's "expertise in identifying and thinking about the difference between art and function surpasses" that of the Court. Id. Giving much deference to the Copyright Office, the Court held that the burden lays upon the party adverse to finding copyrightable material to overcome the presumption. Id. The adverse party did not do so in Varsity Brands. Id. at 493.

## II. Christmas Works Can Be Protected (Even if They Have Common Elements)

Even a Santa Claus work may be protected. In Kurt S. Adler, Inc. v. World Bazaars, Inc., 897 F. Supp. 92, 95 (S.D. N.Y. 1995), a firm was preliminarily enjoined from distribution of its bubble-blowing Santa Claus ornament due to the likelihood that the item constituted copyright infringement of a rival firm's bubble-blowing Santa Claus ornament. The court explained:

> Here, there is no dispute that the stereotypical elements of a Santa Claus are unprotectable. The Court finds that these elements are a jolly, rotund, elder gentleman, wearing a red suit and floppy cap with white trim, and a black belt and

boots. Compare Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc., 482 F. Supp. 980, 986, 205 U.S.P.Q. 320 (S.D. N.Y. 1980) ("[F]eatures … common to all Santas" include "the traditional red suit and floppy cap, trimmed in white, black boots and white beard … [and] the requisite 'nose like a cherry.'") with Doran v. Sunset House Distributing Corp., 197 F. Supp. 940, 944, 131 U.S.P.Q. 94 (S.D. Cal. 1961), judgment aff'd, 304 F.2d 251, 134 U.S.P.Q. 4 (9th Cir. 1962) and (disapproved of by, L. Batlin & Son, Inc. v. Snyder, 536 F.2d 486, 189 U.S.P.Q. 753 (2d Cir. 1976)) (common Santa features include "[t]he red suit and cap with white fur trim, the white hair and beard, the black belt and boots, the ruddy face and the fat form"). These stereotypical features of a Santa notwithstanding, the Court finds that, from an artistic standpoint, there is, indeed, a virtually infinite variety of ways to express of the idea of Santa (as well as the idea of a whimsical Santa) ….

Notwithstanding the fact that Adler's Christmas Bubble Santa incorporates unprotectable elements, the Court finds that there is a substantial similarity between the protectible elements of the two works. The expressive choices made … create a remarkably similar overall appearance. Each of the Santas has a pear shaped head, a red underlip emphasized, an upcurving mustache, a skin tone bubble nose, rounded boots, a similarly shaded green basin held in front of Santa's midsection, and a hooked bubble wand held in Santa's right hand. To be sure, there are some minor differences in protectible elements. Adler's Santa has "crowfeet," and the irises of his eyes sit in the lower half of his eyeballs; WBI's Santa does not have crowfeet, and his irises sit in the center of his eyes. Adler's Santa has a small tuft of hair on his forehead; WBI's Santa does not. The beard of Adler's Santa is more full and detailed than the beard of WBI's Santa. And, Adler's Santa is wearing green mittens, whereas WBI's Santa is wearing black gloves. Although WBI also relies on differences in the two Santa's bases, postures and backs, the Court finds that these dissimilarities are all but irrelevant to the overall appearance of the Santas as displayed on their packaging or, more importantly, as they would appear to a consumer in their principal intended use, as ornaments hanging from a Christmas tree.

Kurt S. Adler, Inc., 897 F. Supp. at 95.

Additionally Taylor Corp. v. Four Seasons Greetings, LLC involved allegations of copyright infringement of a Christmas card depicting a Christmas wreath. In entry of a preliminary injunction, the Court did not apply the scenes a faire doctrine and it simply made a determination of whether the designs were substantially similar. Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039 (8th Cir. 2003) (affirming grant of preliminary injunction) (see

also Taylor Corp. v. Four Seasons Greetings, LLC, 403 F.3d 958, 74 U.S.P.Q.2d 1443, 61 Fed. R. Serv. 3d 647 (8th Cir. 2005) (affirming final judgment for plaintiff in same case)). Additionally, the presence of certain scenes a faire stock elements does not mean that a work is unprotectible. Taylor Corp., 315 F.3d at 1043.

### III. Copying Errors Shows Infringement

"One of the most significant evidences of infringement, the Supreme Court has said, is the identity of errors." W.H. Anderson Co. v. Baldwin Law Pub. Co., 27 F.2d 82, 87 (6th Cir. 1928) (quoting Callaghan v. Myers, 128 U.S. 617, 662 (1888)); see also Eckes v. Card Prices Update, 736 F.2d 859, 863 (2d Cir. 1984) ("the courts have regarded the existence of common errors in two similar works as the strongest evidence of piracy").

### IV. When Access Exists, Plaintiff Must Only Prove Substantial Similarity

"Access is proven when the plaintiff shows that the defendant had an opportunity to view or to copy plaintiff's work." Murray Hill v. Twentieth Century Fox, 361 F. 3d 312, 316 (6th Cir. 2004). When proof of defendant's access exists, a plaintiff only needs to prove that the works are substantially similar, which is a lower standard than strikingly similar or exact replicas. See Murray Hill, 361 F.3d at 316.

Both the Sixth Circuit and the Middle District of Tennessee have recognized a sliding scale that requires lower proof of substantial similarity where greater access is shown. "[I]n some cases the relationship between the degree of proof required for similarity and access may be inversely proportional: where the similarity between the two works is strong, less compelling proof of access may suffice, and vice-versa." Stromback v. New Line Cinema, 384 F.3d 283, 293 (6th Cir. 2004) (citing Ellis v. Diffie, 177 F.3d 503, 507 (6th Cir. 1999)). Under the "inverse ratio rule," a lower standard of proof of similarity is required where a high degree of access is

shown. Id. (citing Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000)); Arnstein v. Porter, 154 F.2d 464, 469 (2d Cir.1946)). Other courts apply the same sliding scale, "require[ing] a lower standard of proof on substantial similarity when a high degree of access is shown." Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996) (cited in Bowen v. Paisley, No. 3:13-cv-0414, 2013 WL 6237469, at *5 (M.D. Tenn. Dec. 3, 2013) (Trauger, J.)).

Even where differences exist between the parties' works, courts have still concluded they are substantially similar. For example, in a case where the plaintiff sued a former employee for infringing an advertising/informational brochure, the court itself compared the works and found that, despite using different typefaces and substituting different names, they were substantially similar. See Simmons v. Mitchell, No. CV 06-126 GW (SJOX), 2007 WL 9707038, at *2 (C.D. Cal. June 29, 2007). Although access was proven there, the court noted that it would have found defendant's brochure was copied from plaintiff's brochure even absent a showing of access because the works were so similar, despite some differences.

"It is entirely immaterial that in many respects plaintiff's and defendant's works are dissimilar if in other respects similarity as to a substantial element of plaintiff's work can be shown." United Feature, 817 F. Supp. at 377 (quoting 3 Nimmer § 13.03[B]). Thus, "[i]f substantial similarity is found, the defendant will not be immunized from liability by reason of the addition in his work of different characters or additional and varied incidents, nor generally by reason of his work proving more attractive or saleable than the plaintiff's." Id. (quoting 3 Nimmer § 13.03[B]). "[T]he court should not lose sight of the forest for the trees; that is, it should take pains not to focus too intently on particular unprotected elements at the expense of a work's overall protected expression." Coquico, Inc. v. Rodríguez-Miranda, 562 F.3d 62, 68 (1st Cir. 2009). "Even if a copied portion be relatively small in proportion to the entire work, if

qualitatively important, the finder of fact may properly find substantial similarity." Murray Hill, 361 F.3d at 320 (quoting Baxter v. MCA, Inc., 812 F.2d 421, 425 (9th Cir.1987)). "No plagiarist can excuse the wrong by showing how much of his work he did not pirate." Id. (quoting Shaw v. Lindheim, 919 F.2d 1353, 1362 (9th Cir. 1990) (quoting Nimmer, § 13.03[B][1][a])).

## **CERTIFICATE OF SERVICE**

I certify that we served a copy of this document on November 7, 2019 via hand delivery upon:

Alex Fardon, Esq.
John Jacobson, Esq.
Riley Warnock & Jacobson
1906 W End Ave
Nashville, TN 37203
*Counsel for Chris Stacey and Glowco, LLC*

Michael A. Johnson
Kay GriffinPLLC
222 Second Ave. North, Suite 340M
Nashville, TN 37201
*Counsel for Patrick Wallain and Exhibau US LLC*

Dated: November 7, 2019

Respectfully submitted,

/s/ Stephen J. Zralek
Stephen J. Zralek (BPR No. 18971)
Maria Q. Campbell (BPR No. 35515)
Shea T. Hasenauer (BPR No. 35515)
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN  37219
(615) 238-6305 Telephone
(615) 687-2763 Facsimile
szralek@bonelaw.com
shasenauer@bonelaw.com

*Counsel for Plaintiff Enchant Christmas Light Maze & Market Ltd.*