IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ENCHANT CHRISTMAS LIGHT MAZE & MARKET LTD,<br><br>　　Plaintiff,<br><br>v.<br><br>GLOWCO, LLC,<br>EXHIBAU US LLC,<br>PATRICK WALLAIN, and<br>CHRIS STACEY,<br><br>　　Defendants. | Case No.: 3:19-cv-0966<br>JURY DEMAND |

**BENCH BRIEF ON TRADE SECRET ISSUES**

**I.　Various Trade Secret Factors**

Factors courts consider when determining if information constitutes a trade secret include:

> (1) the extent to which the information is known outside of the business;
> (2) the extent to which it is known by employees and others involved in the business;
> (3) the extent of measures taken by the business to guard the secrecy of the information;
> (4) the value of the information to the business and to its competitors;
> (5) the amount of money or effort expended by the business in developing the information;
> (6) the ease or difficulty with which the information could be properly acquired or duplicated by others;

Venture Express, Inc. v. Zilly, 973 S.W.2d 602, 606 (Tenn.Ct.App.1998); See also PartyLite Gifts, Inc. v. Swiss Colony Occasions, 246 F. App'x 969, 973 (6th Cir. 2007) (listing substantially similar factors).

## II. Only Reasonable Efforts Are Required for Maintaining Secrecy

A plaintiff's efforts to protect a trade secret do not need to be so substantial as to withstand a deliberate spying attempt or espionage. See Hickory Specialties, Inc. v. B & L Laboratories, Inc., 592 S.W.2d 583, 587 (TN App. 1979). In Hickory Specialties, the defendant alleged that it did not misappropriate plaintiff's trade secret as plaintiff did not take sufficient steps to protect its secret. Id. Plaintiff did not instruct all employees to secrecy, its gates were unguarded, and employees did not wear identification badges or carry identification cards. Id. Further, several of plaintiff's own employees testified that they were never instructed that the plaintiff's operations were secret. Id. The plaintiff's only protections were a fence, a gate that was locked every evening, and signs around the gated stating that only authorized personnel were allowed on the grounds. Id. While the court noted that the defendant's allegation of inadequate protection was somewhat compelling, it held the plaintiff's protective measures were enough to show they intended to protect the secret. In reaching this conclusion, the court reasoned the plaintiff's steps to keep its operations confidential were sufficient and that the employee misappropriating the trade secret only learned the knowledge through the access he gained working with the plaintiff. Id. Accordingly, the court granted the plaintiff's request to enjoin defendant's misappropriation. Id. at 588.

Trade secret law does not require plaintiffs to keep the information "under lock and key" if reasonable measures for secrecy are taken. See United States v. Howley, 707 F.3d 575, 579 (6th Cir.2013) (citing United States v. Chung, 659 F.3d 815, 825 (9th Cir. 2011)). Rather, the information must not be readily ascertainable. Howley, 707 F.3d at 579 (noting the defendant would not have found the secret information "at the public library or on Wikipedia"). "Reasonable measures" do not require a plaintiff to withhold information necessary for

employees to do their work. Howley, 707 F.3d at 579. Information that is not in the public domain is not readily ascertainable. U.S. v. Shanshan Du, 570 F. App'x 490, 501 (6th Cir. 2014). In Shanshan Du, while some of the confidential information could be found online, defendant failed to prove that the general public could electronically access the unique and detailed information defendant misappropriated. Id.

## III. Circumstantial Evidence May Prove Misappropriation

A plaintiff may rely on circumstantial evidence to prove a defendant's use of a trade secret. Stratienko v. Cordis Corp., 429 F.3d 592, 600-01 (6th Cir. 2005). "Sufficient circumstantial evidence of use in trade-secret cases must demonstrate that (1) the misappropriating party had access to the secret and (2) the secret and the defendant's design share similar features." Stratienko, 429 F.3d at 600.

## CERTIFICATE OF SERVICE

I certify that we served a copy of this document on November 7, 2019 via hand delivery upon:

Alex Fardon, Esq.
John Jacobson, Esq.
Riley Warnock & Jacobson
1906 W End Ave
Nashville, TN 37203
*Counsel for Chris Stacey and Glowco, LLC*

Michael A. Johnson
Kay GriffinPLLC
222 Second Ave. North, Suite 340M
Nashville, TN 37201
*Counsel for Patrick Wallain and Exhibau US LLC*

Dated: November 7, 2019

Respectfully submitted,

/s/ Stephen J. Zralek
Stephen J. Zralek (BPR No. 18971)
Maria Q. Campbell (BPR No. 35515)
Shea T. Hasenauer (BPR No. 35515)
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6305 Telephone
(615) 687-2763 Facsimile
szralek@bonelaw.com
shasenauer@bonelaw.com

*Counsel for Plaintiff Enchant Christmas Light Maze & Market Ltd.*